IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
IN THE MATTER OF COMPLAINT OF      CIVIL ACTION
WILMINGTON TUG, INC. AS OWNER OF      IN ADMIRALTY
"LINDSEY," A 70-FOOT 1989 TOWING VESSEL,
FOR EXONERATION FROM OR LIMITATION      No.
OF LIABILITY
------------------------------------------------------------x

## COMPLAINT FOR EXONERATION
## FROM OR LIMITATION OF LIABILITY

Plaintiff, Wilmington Tug, Inc. (hereinafter "Petitioner") as owner of the "LINDSEY," a certain 70-foot 1989 towing vessel built by Gladding-Hearn Shipbuilding (hereinafter "the Vessel"), by and through its attorneys, Palmer Biezup & Henderson LLP, hereby petitions for exoneration from or limitation of liability pursuant to 46 U.S.C. app. §§ 183-189, and in support thereof avers upon information and belief as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2.     Petitioner Wilmington Tug, Inc. is a corporation organized under and existing pursuant to the laws of the State of Delaware with an office and place of business at 11 Gist Road, Wilmington, 19801.

3.     The Vessel is a 70-foot 1989 motor towing vessel built by Gladding-Hearn Shipbuilding.

PBH: 189462.1

4. At all times material hereto, Petitioner was the owner of the Vessel and a party entitled to petition for exoneration from or limitation of liability within the meaning of the Revised Statutes of the United States.

5. On or about October 30, 2003, while upon the navigable waters of the United States, in or near the Delaware River, the Vessel was allegedly involved in an incident that has given rise to claims and potential claims including the claims of Brian Moore (hereinafter the "Incident").

6. Any and all injuries and damages allegedly resulting from the Incident were not caused by or attributable to any fault, design, neglect or want of due care on the part of Petitioner, or anyone for whom Petitioner may be responsible, and any and all such alleged damage was occasioned and occurred without Petitioner's privity or knowledge.

7. Prior to and on October 30, 2003, Petitioner used due diligence to make the Vessel seaworthy for the service for which it was engaged.

8. Based upon the information presently available, as a result of the Incident, claims have been made which could potentially exceed Petitioner's interest in the Vessel, said value of possible claims being specifically denied by Petitioner.

9. There was no freight pending which was due and payable to Petitioner at the time of the Incident.

10. Upon information and belief, there were and are no unsatisfied liens or claims of liens pending against the Vessel arising from the Incident or the voyage described herein.

11. Petitioner's interest in the Vessel after the Incident was $1,200,000.00. (See Affidavit of Value which is attached hereto and incorporated herein by reference).

12. Upon information and belief, there are two other suits pending against Petitioner (Delaware Superior Court, New Castle County (No. 06C-10-305 MJB) and Pennsylvania Court of Common Pleas, Philadelphia County (No. 061002073)) with no suits pending against the Vessel and no claims or demands prior or paramount to those which may arise by reason of the Incident.

13. Petitioner denies any and all liability for any loss, damage or injury which may be claimed by any person or entity arising out of the Incident, and therefore demands exoneration from liability.

14. In addition, and in the alternative, Petitioner claims the benefit of limitation of liability as provided for in the Revised Statutes of the United States and the various amendments and supplements thereto and, more particularly, the United States Limitation of Shipowners' Liability Act, 46 U.S.C. §§ app. 183-189.

15. Petitioner is ready, able and willing and hereby offers to provide security for the value of Petitioner's interest in the Vessel following the Incident, interest at the rate of 6% per annum, and costs, by depositing with the Court a bond in approved form.

16. All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, Petitioner prays:

A. That if deemed necessary by the Court or at the reasonable request of any claimant, the Court cause due appraisement to be made of the value of Petitioner's interest in the Vessel.

B. That the Court order Petitioner to file an <u>Ad Interim</u> Stipulation with surety pending any demand for appraisal of Petitioner's interest in the Vessel.

PBH: 189462.1

-3-

C. That the Court enter an Order directing the issuance of a monition to all persons claiming alleged damages for any and all losses, damage, injury or destruction done, occasioned or incurred by, or resulting from, the Incident or occurring during the voyage upon which the Vessel was then engaged, citing them to appear before this Honorable Court and make due proof of their claims, and also to appear and answer the allegations of this Complaint according to the laws of this Court on or before a certain time to be fixed by the monition, or be thereafter barred from making any such claims against Petitioner, its agents, representatives, crew members or any person on whose behalf Petitioner may be liable or against the Vessel.

D. That the Court enter an Order directing that upon the giving of an <u>Ad Interim</u> Stipulation, an injunction shall issue restraining the further prosecution of any and all suits, actions and proceedings which may have already begun to recover for alleged damages sustained as a result of the Incident and further enjoining the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature against Petitioner, its agents, representatives or any other person in respect to any claim or claims arising out of the Incident.

E. That the Court in this proceeding adjudge:

(i) that Petitioner is not liable to any extent for any loss, damage or injury for any claim whatsoever in any way arising out of or in consequence of the Incident and, therefore, is entitled to exoneration, or

(ii) if Petitioner shall be adjudged liable and the claims are affirmatively proven, then such liability for all claims shall be limited to the amount of the value of the Petitioner's interest in the Vessel after the Incident and that Petitioner be discharged therefrom upon the surrender of his interest in the Vessel and that the limitation fund be divided *pro rata* among any

PBH: 189462.1

claimants as may duly prove their claims, saving to all any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

F. That Petitioner may have such other and further relief as this Court may deem just and proper in the circumstances.

Respectfully submitted,

PALMER BIEZUP & HENDERSON LLP

By: /s/ Michael B. McCauley
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
mccauley@pbh.com

Dated: April 5, 2007

## VERIFICATION

I, Michael B. McCauley, hereby declare as follows:

I am a partner in the law firm of Palmer Biezup & Henderson LLP, attorneys for Petitioner Delaware Bay Launch Service, Inc.;

I have read the foregoing Complaint, and all the allegations of fact contained therein are true and correct to the best of my knowledge, information and belief, which is based upon information obtained during the course of counsel's investigation;

I certify under penalty of perjury that the foregoing is true and correct.

Executed on April 5, 2007.

                                                                                                 *Michael B. McCauley*
                                                                                                  Michael B. McCauley

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WILMINGTON TUG, INC., AS OWNER OF "LINDSEY," A 70-FOOT 1989 TOWING VESSEL

**(b)** County of Residence of First Listed Plaintiff    New Castle, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Palmer Biezup & Henderson LLP
1223 Foulk Road, Wilmington, DE 19803     (302) 594-0895

## DEFENDANTS

County of Residence of First Listed Defendant    _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|                                           | PTF | DEF |                                                          | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State                     | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State                  | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country   | ☐ 3 | ☐ 3 | Foreign Nation                                           | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | **PERSONAL INJURY** | **PERSONAL INJURY** |  |  |  |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act |  |  | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  |  | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
46 U.S.C. app. § 185

Brief description of cause:
Vessel owner's petition for exoneration from or limitation of liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23       DEMAND $       CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____    DOCKET NUMBER _____

DATE  04/05/2007              SIGNATURE OF ATTORNEY OF RECORD   /s/ Mark B. McCauley

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____