IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
```

IN THE MATTER OF COMPLAINT OF
WILMINGTON TUG, INC. AS OWNER OF
"LINDSEY," A 70-FOOT 1989 TOWING VESSEL,
FOR EXONERATION FROM OR LIMITATION OF
LIABILITY

CIVIL ACTION
IN ADMIRALTY

No.

```
-------------------------------------------------------------x
```

### AD INTERIM STIPULATION

WHEREAS, Petitioner, Wilmington Tug, Inc., as owner of the "LINDSEY," a certain 70-foot 1989 towing vessel built by Gladding-Hearn Shipbuilding (hereinafter "the Vessel"), has filed a Complaint for Exoneration from or Limitation of Liability for all losses and damages sustained by, or resulting from the facts and circumstances set forth in the Complaint; and

WHEREAS, Petitioner prays for an injunction restraining the prosecution, except in this proceeding, of any and all actions, suits, and proceedings against Petitioner and the Vessel already begun, as well as enjoining the filing of any suit, action or legal proceeding of any nature or description which might or could be instituted in the future against Petitioner or against the Vessel arising out of, occasioned by, or resulting from the alleged loss and damage as set forth in the Complaint; and

WHEREAS, in said Complaint, it is shown that the value of the Vessel after the incident was $1,200,000.00 or less and that there was no freight then pending;

NOW, THEREFORE, in consideration of the premises, Travelers Casualty and Surety Company of America, as Surety, hereby freely submitting itself to the jurisdiction and Orders of this Court, is held and firmly bound for the payment of $1,200,000.00, as well as costs of $500.00 and

PBH: 189462.1

-1-

interest at six per cent (6%) per annum commencing from the date of the giving of this security. In the event that any claimants herein recover, judgment may be entered against Petitioner and said Surety for an amount not exceeding $1,200,000.00 plus interest at six per cent (6%) per annum and costs of $500.00 and thereupon execution may issue against their goods, chattels, lands and tenements or other real estate.

NOW, if said Petitioner Wilmington Tug, Inc., as owner, shall well and truly abide by all Orders, interlocutory or final, of the said Court and of any Appellate Court in which the said suit may hereafter be pending and shall fulfill and perform the judgment or decree which may be rendered in the premises with interest, and also pay all costs and charges as shall be ordered and adjudged to be paid on its part, then this Stipulation shall be void; otherwise, it shall remain in full force and effect, and execution may issue by virtue hereof at one and the same time against the parties to this Stipulation. However, in any event, the Surety's aggregate limit of liability shall not exceed $1,200,000.00 plus interest at six per cent (6%) per annum and costs of $500.00.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on April 5, 2007.

Travelers Casualty and Surety Company of America:

Michael B. McCauley, Attorney-in-Fact

PBH: 189462.1

-2-



**ST PAUL TRAVELERS**

# POWER OF ATTORNEY

| | |
|---|---|
| Farmington Casualty Company | St. Paul Guardian Insurance Company |
| Fidelity and Guaranty Insurance Company | St. Paul Mercury Insurance Company |
| Fidelity and Guaranty Insurance Underwriters, Inc. | Travelers Casualty and Surety Company |
| Seaboard Surety Company | Travelers Casualty and Surety Company of America |
| St. Paul Fire and Marine Insurance Company | United States Fidelity and Guaranty Company |

Attorney-In Fact No.    215448

Certificate No. 000275402

**KNOW ALL MEN BY THESE PRESENTS**: That Seaboard Surety Company is a corporation duly organized under the laws of the State of New York, that St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company and St. Paul Mercury Insurance Company are corporations duly organized under the laws of the State of Minnesota, that Farmington Casualty Company, Travelers Casualty and Surety Company, and Travelers Casualty and Surety Company of America are corporations duly organized under the laws of the State of Connecticut, that United States Fidelity and Guaranty Company is a corporation duly organized under the laws of the State of Maryland, that Fidelity and Guaranty Insurance Company is a corporation duly organized under the laws of the State of Iowa, and that Fidelity and Guaranty Insurance Underwriters, Inc. is a corporation duly organized under the laws of the State of Wisconsin (herein collectively called the "Companies"), and that the Companies do hereby make, constitute and appoint

Michael B. McCauley, Richard Q. Whelan, Frank P. DeGiulio, Stephen M. Calder, and Kevin O'Donovan

of the City of ___New Orleans___, State of ___Louisiana___, their true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign, execute, seal and acknowledge any and all bonds, recognizances, conditional undertakings and other writings obligatory in the nature thereof on behalf of the Companies in their business of guaranteeing the fidelity of persons, guaranteeing the performance of contracts and executing or guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

**IN WITNESS WHEREOF**, the Companies have caused this instrument to be signed and their corporate seals to be hereto affixed, this ___30th___ day of ___March___, ___2006___.

| | |
|---|---|
| Farmington Casualty Company | St. Paul Guardian Insurance Company |
| Fidelity and Guaranty Insurance Company | St. Paul Mercury Insurance Company |
| Fidelity and Guaranty Insurance Underwriters, Inc. | Travelers Casualty and Surety Company |
| Seaboard Surety Company | Travelers Casualty and Surety Company of America |
| St. Paul Fire and Marine Insurance Company | United States Fidelity and Guaranty Company |

State of Connecticut
City of Hartford ss.

By: _____
George W. Thompson, Senior Vice President

On this the ___30th___ day of ___March___, ___2006___, before me personally appeared George W. Thompson, who acknowledged himself to be the Senior Vice President of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

**In Witness Whereof,** I hereunto set my hand and official seal.
My Commission expires the 30th day of June, 2006.



_____
Marie C. Tetreault, Notary Public

58440-9-05 Printed in U.S.A.

This Power of Attorney is granted under and by the authority of the following resolutions adopted by the Boards of Directors of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company, which resolutions are now in full force and effect, reading as follows:

**RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fact and Agents to act for and on behalf of the Company and may give such appointee such authority as his or her certificate of authority may prescribe to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory in the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any such appointee and revoke the power given him or her; and it is

**FURTHER RESOLVED,** that the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation is in writing and a copy thereof is filed in the office of the Secretary; and it is

**FURTHER RESOLVED,** that any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or conditional undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary; or (b) duly executed (under seal, if required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority or by one or more Company officers pursuant to a written delegation of authority; and it is

**FURTHER RESOLVED,** that the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vice President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to any power of attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or understanding to which it is attached.

I, Kori M. Johanson, the undersigned, Assistant Secretary, of Farmington Casualty Company, Fidelity and Guaranty Insurance Company, Fidelity and Guaranty Insurance Underwriters, Inc., Seaboard Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Guardian Insurance Company, St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company, Travelers Casualty and Surety Company of America, and United States Fidelity and Guaranty Company do hereby certify that the above and foregoing is a true and correct copy of the Power of Attorney executed by said Companies, which is in full force and effect and has not been revoked.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed the seals of said Companies this 5th day of April, 20 07.

Kori M. Johanson, Assistant Secretary

         

To verify the authenticity of this Power of Attorney, call 1-800-421-3880 or contact us at www.stpaultravelersbond.com. Please refer to the Attorney-In-Fact number, the above-named individuals and the details of the bond to which the power is attached.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x

IN THE MATTER OF COMPLAINT OF WILMINGTON TUG, INC. AS OWNER OF "LINDSEY," A 70-FOOT 1989 TOWING VESSEL, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

CIVIL ACTION
IN ADMIRALTY

No.

----------------------------------------------------------------x

## ORDER FOR AD INTERIM STIPULATION

Petitioner, Wilmington Tug, Inc., as owner of the "LINDSEY," a certain 70-foot 1989 towing vessel built by Gladding-Hearn Shipbuilding (hereinafter "the Vessel"), having filed a Complaint for exoneration or limitation of liability with respect to the Vessel and having prayed that it be directed to file an Ad Interim Stipulation for the value of the Vessel with surety pending the appraisal of Petitioner's interest in the Vessel, and it appearing from the Affidavit of Value filed with the Complaint that the value of the Vessel after the Incident was $1,200,000.00 and that there was no freight then pending;

AND NOW, on the Motion of Palmer Biezup & Henderson LLP, attorneys for the Petitioner, it is hereby

ORDERED that Petitioner shall file an Ad Interim Stipulation for the value of the Vessel in the total sum of $1,200,000.00 with surety, along with security for costs of $500.00 and interest at the rate of six per cent (6%) per annum; and it is further ORDERED that any party may apply to have the amount of said Stipulation increased or diminished, as the case may be, upon application of any

PBH: 189462.1

such person for due appraisement to be made and determined by this Court that the amount of said

Stipulation does not properly represent Petitioner's interest in the Vessel at the time in issue.


_____

UNITED STATES DISTRICT JUDGE


Dated: _____