IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
| | |
|---|---|
| IN THE MATTER OF COMPLAINT OF WILMINGTON TUG, INC. AS OWNER OF "LINDSEY," A 70-FOOT 1989 TOWING VESSEL, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION IN ADMIRALTY No. 07-197-JJF |

---------------------------------------------------------------x

**STIPULATION AND ORDER STAYING LIMITATION ACTION**

Wilmington Tug, Inc. ("Petitioner") and Brian Moore ("Moore") hereby stipulate and agree to the entry of this Order as follows:

WHEREAS Petitioner is the owner of the Tug LINDSEY and Moore claims to have sustained injuries as a result of an incident aboard the Tug LINDSEY on or about October 30, 2003 (the "Incident"); and

WHEREAS Moore has filed actions against Petitioner in the Delaware Superior Court, New Castle County (No. 06C-10-305) and in the Pennsylvania Court of Common Pleas, Philadelphia County (No. 06-10-2073), seeking recovery for his alleged injuries; and

WHEREAS Petitioner has filed this action under the Shipowner's Limitation Act, 46 U.S.C. §§ 30505, 30511, seeking exoneration from or limitation of liability in respect of all claims arising out of the Incident (the "Limitation Action");

NOW THEREFORE, in order to protect Petitioner's rights under the Shipowner's Limitation Act and to permit Moore to pursue his claims in the state courts of Delaware or Pennsylvania, IT IS HEREBY ORDERED, upon the consent and agreement of the parties hereto, as follows:

PBH: 190283.1

1

1.   This Court shall retain jurisdiction over this Limitation Action and shall have exclusive jurisdiction to determine all matters concerning Petitioner's right to limitation of liability and to enforce the instant Stipulation and Order.

2.   Moore warrants and represents that he is the sole owner of all claims arising out of the Incident and is the only person entitled to assert such claims against Petitioner.

3.   Moore warrants and agrees (1) that the total value of all claims arising out of the Incident does not exceed $1.2 million; (2) that in any proceeding arising out of the Incident he will neither seek nor enforce any judgment or award against Petitioner in excess of $1.2 million; and (3) that he will defend, hold harmless, and indemnify Petitioner from any and all claims, actions or demands by any third party for any losses, damages, or expenses arising out of the Incident, including but not limited to claims related to medical or health treatments, medical or health insurance benefits, compensation benefits, disability benefits, or unemployment benefits.

4.   Moore agrees that any proceedings in any other courts or tribunals shall have no res judicata or other preclusive effect on, and shall not be deemed a waiver of, Petitioner's rights in the Limitation Action.

5.   The Limitation Action shall be stayed and the security given by Petitioner shall be dissolved without prejudice to the Court's jurisdiction over this action, but Petitioner shall be entitled to reopen the Limitation Action immediately if Petitioner's right to limitation of liability becomes contested or is otherwise impaired, if any third party asserts a claim arising out of the Incident, or if any term or condition of this Stipulation and Order is breached.

ACCEPTED AND AGREED this 23rd day of July, 2007.

For Brian Moore:

SCHMITTINGER & RODRIGUEZ, P.A.

By: /s/ Scott E. Chambers
    Scott E. Chambers, Esq.

Of Counsel:

By: /s/ Walter Z. Steinman
    Walter Z. Steinman, Esq.

For Wilmington Tug, Inc.:

PALMER BIEZUP & HENDERSON LLP

By: /s/ Michael B. McCauley
    Michael B. McCauley, Esq.

SO ORDERED at Wilmington, Delaware, this 24 day of July, 2007.

_____
UNITED STATES DISTRICT JUDGE